**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ELIZABETH ANN DASHER,
as Personal Representative
of the Estate of JAMES LUCKY
WILLIAMS

        Plaintiff,

vs.                                               CASE NO. 3:07-cv-624-J-33TEM

DEAN KELLY, AS SHERIFF OF PUTNAM
COUNTY, PAULA CARTER, DOUGH RAU,
*et al.*,

        Defendants.

_____

**O R D E R**

This matter is before the Court on Plaintiff's motion for the Court to order Defendant

Sheriff Dean Kelly to release the addresses of his former employees to Plaintiff (Doc. #42,

Motion) and Defendants' response in opposition thereto (Doc. #49).

Plaintiff moves this Court for an order directing Defendant Dean Kelly to release the

addresses of his former Putnam County Deputies Derrin Ivey, Sean Smith, and Lisa Deyen.

These individuals are former corrections officers that are named Defendants in the instant

case.  Plaintiff maintains that she has "undertaken to locate" said Defendants in order to

perfect service of process upon them, but has been unable to find them.  (Doc. #42, p. 1).

Florida statutory law protects the disclosure of home addresses of former and

current law enforcement officers.  *See* Fla. Stat. §§ 119.07(3); 119.071(4)(d).  Information

that is protected under the aforementioned statute; however, may be discoverable "upon

a showing of exceptional necessity or extraordinary circumstances."  *Allen v. City of Miami*,

No. 03-21063-CIV, 2003 WL 23312748, at *3 (S.D. Fla. Nov. 14, 2003) (internal quotations and citations omitted).[1]  In *Allen*, the plaintiff was unable to obtain the address of a police officer that was a defendant in the case.  The *Allen* court found the plaintiff's unsuccessful search for the defendant police officer constituted grounds to have the employer's records custodian disclose the officer's address under a protective order for the limited purpose of obtaining service of process upon him.  *Id.*

The Court finds the circumstances at bar are similar to facts of *Allen* and, therefore, finds Plaintiff's request for an order directing Defendant Dean Kelly to release the addresses of his former Putnam County Deputies Derrin Ivey, Sean Smith, and Lisa Deyen is due to be granted in part.

Pursuant to Rule 26(c), a court may enter a protective order upon motion of a party "for good cause shown."  FED. R. CIV. P. 26.  The Court must evaluate and balance the interests of the parties and non-parties concerning dissemination of discovery material against the public's interest in gaining access to the information.  *In Re Alexander Grant & Co. Litigation,* 820 F.2d 352, 355-357 (11th Cir. 1987).  Further, a court may enter a protective order when it is necessary to expedite the flow of discovery material, promote prompt resolution of disputes over confidentiality and facilitate the preservation of material arguably worthy of protection.  *See McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989); *In Re Alexander*, 820 F.2d at 356.

The Court finds the addresses of the aforementioned individuals are confidential, the public disclosure of which might harm either the parties to this suit or third parties.

---

[1] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

Additionally, the Court believes entry of a protective order would reasonably forestall new disputes over production of this same information.  Therefore, the Court finds a protective order is necessary before Defendant Dean Kelly is directed to disclose the addresses of his former Deputies.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion is **GRANTED in part**.

2. **Within ten (10) days** of this Order, Defendant Dean Kelly, as Sheriff of Putnam County, is **directed to disclose** the addresses of his former Deputies, Defendants Derrin Ivey, Sean Smith, and Lisa Deyen, in **CONFIDENCE** to the **United States Marshals Service** for the **limited purpose of obtaining service of process** upon them.

3. The **United States Marshals Service** is directed **to execute service of process** upon said Defendants.

4. The **United States Marshals Service** is **further directed** to **REDACT** the **addresses of said Defendants once service of process has either been obtained or attempted, and in any event, before filing proof of service documents or any other document** which contains the addresses of **said Defendants**.

**DONE AND ORDERED** at Jacksonville, Florida this  26th  day of November, 2007.

Copies to all counsel of record
          and *pro se* parties, if any

**THOMAS E. MORRIS**
United States Magistrate Judge